UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NICOLE TYMMS**,

    Plaintiff,

v.                                                 Case No. 8:23-cv-1982-WFJ-SPF

**THE PANTHER GROUP, INC.**,

    Defendant.
_____/

## ORDER

Before the Court is The Panther Group, Inc.'s ("Defendant") Motion to Dismiss (Dkt. 12), and Nicole Tymms' ("Plaintiff") Response in Opposition (Dkt. 16). Upon careful consideration, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint (Dkt. 1) without prejudice.

## BACKGROUND

Plaintiff began working for Defendant in February 2021. Dkt. 1 at 3. In October of the same year, she discovered that she was pregnant. *Id.* Plaintiff therefore began arranging for maternity leave around December 6, 2021. *Id.* at 3–4.

On January 6, 2022, Stephanie Gomez, an employee of Defendant, contacted Plaintiff concerning her leave. *Id.* at 4. Ms. Gomez stated that "[Defendant] will be holding your spot for when you return! I told them 2–3 months for the maternity

leave period and we can play that by ear. Congratulations and I hope you and your family are excited!!" *Id.* Plaintiff began her maternity leave the same day. *Id.*

Plaintiff claims that—instead of being granted maternity leave—she was actually terminated without notice. *Id.* Plaintiff allegedly received her first indication of said termination on January 22, 2022, when her insurance coverage was denied after giving birth to her child. *Id.* at 5. On February 24, 2022, Plaintiff contacted Sue Campbell, another employee of Defendant, to inquire about her insurance and employment situation. *Id.*

Ms. Campbell informed Plaintiff that "I have that you were terminated on January 6, 2022, for maternity leave. Unfortunately, once you are terminated . . . your insurance benefits are cancelled that day." *Id.* (cleaned up). Defendant further explained that "[y]ou will have a job waiting, but since you are not getting paid during this time, no deductions would be taken out of a check. When you are terminated for any reason, even when you are coming back, your benefits are terminated until your return." *Id.* at 6.

Notwithstanding the aforementioned communications, on March 3, 2022, Defendant informed Plaintiff that the insurance carrier "will honor her unprotected maternity leave" contingent upon the payment of Plaintiff's insurance premiums. *Id.* (cleaned up). Plaintiff does not claim that her insurance ultimately failed to cover her hospital bills or that Defendant failed to hold her job for her.

2

On September 1, 2023, Plaintiff brought the instant suit. Dkt. 1. Plaintiff asserts three counts against Defendant: Count I—violation of Title VII of the Civil Rights Act of 1964; Count II—violation of the Florida Civil Rights Act of 1992 ("FCRA"); and Count III—Violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). *Id.* at 7–9. Defendant now moves to dismiss each of Plaintiff's claims. Dkt. 12.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

The Court will address each of Plaintiff's claims in turn.

## I.     Title VII

"Title VII prohibits employers from discriminating 'against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (quoting 42 U.S.C. § 2000e-2(a)(1)). "A plaintiff in a Title VII action may attempt to show this discrimination by offering either direct or circumstantial evidence." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999). "[D]irect evidence is composed of 'only the most blatant remarks, whose intent could be nothing other than to discriminate' on the basis of some impermissible factor.'" *Id.* (quoting *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989)). Such direct evidence, however, "does not include stray remarks in the workplace or statements by [non-decision makers] or statements by decisionmakers unrelated to the decisional process itself." *Standifer v. Sonic-Williams Motors, LLC*, 401 F. Supp. 2d 1205, 1215 (N.D. Ala. 2005) (internal quotations and citations omitted).

Plaintiff has failed to allege direct evidence of sex or gender-based discrimination.[1] Indeed, while Ms. Campbell allegedly told Plaintiff that "you were

---

[1] Plaintiff does not plead pregnancy-based discrimination. *See generally* Dkt. 1.

4

terminated on January 6, 2022, for maternity leave[,]" Plaintiff claims that Ms. Campbell (or another employee of Defendant) went on to explain that, "[w]hen you are terminated for any reason, even when you are coming back, your benefits are terminated until your return." Dkt. 16 at 3. Plaintiff's own pleading therefore suggests that Defendant's remarks could be interpreted as something other than an intent to discriminate based on sex or gender. *See Taylor v. Runyon*, 175 F.3d 861, 867 (11th Cir. 1999) (explaining that "[e]vidence that only suggests discrimination or that is subject to more than one interpretation does not constitute direct evidence"). Further, Plaintiff fails to allege any facts suggesting that Ms. Campbell had decision making authority. This is necessary to qualify Ms. Campbell's statement as direct evidence of Defendant's alleged discrimination. *See Standifer*, 401 F. Supp. 2d at 1215.

Where there is no direct evidence, a plaintiff can establish a circumstantial sex-discrimination case by showing that: "'(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated [male] employees more favorably; and (4) she was qualified to do the job.'" *McCann*, 526 F.3d at 1373 (quoting *EEOC v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1286 (11th Cir. 2000)). Plaintiff has not made this showing. To begin with, it is not clear that Plaintiff's "termination" qualifies as an "adverse employment action" as that term is used in the Title VII context. *See Short v.*

5

*Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1146 n.3 (M.D. Fla. 2016) (explaining that an adverse employment action generally must involve "an ultimate employment decision . . . or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives [her] of employment opportunities, or adversely affects [her] status as an employee"). This is largely because Plaintiff does not claim that her insurance ultimately failed to cover her hospital bills or that Defendant failed to hold her job for her. What is more, Plaintiff has wholly omitted any facts from her Complaint that could reasonably support the notion that Defendant treated similarly situated male or non-pregnant employees more favorably. *See McCann*, 526 F.3d at 1373; *Veale v. Fla. Dep't of Health*, No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *4 (M.D. Fla. July 29, 2013) ("In cases similar to this in this District[,] judges have dismissed discriminations claims when the allegations relating to similarly situated employees are insufficiently pled."). Count I is therefore dismissed without prejudice. Plaintiff may amend her Complaint to address the issues explained above.

## II.   FCRA

"Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA], because the Florida act was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (collecting cases). Additionally, because "[n]o Florida court has interpreted

the [FCRA] to impose substantive liability where Title VII does not[,]" a "complaint [that] fails to state a sex discrimination claim under Title VII [also] fails to state a sex discrimination claim under the [FCRA]." *Id.* Plaintiff has failed to state a sex-discrimination claim under Title VII for the reasons explained above. The Court consequently finds that Plaintiff has also failed to state a FCRA claim. Count II is dismissed without prejudice.

### III.   COBRA

As Defendant notes, a plaintiff cannot recover pursuant to COBRA where the plaintiff "neither incurred medical expenses during what would have been the period of continued coverage under COBRA nor sustained other related losses for which the Court could now make [her] whole." *Vincent v. Wells Fargo Guard Servs., Inc.*, 44 F. Supp. 2d 1302, 1305 (S.D. Fla. 1999). Here, Plaintiff apparently concedes that her hospital bills were covered by her insurance. She also provides no facts suggesting that she sustained losses directly related to her alleged insurance lapse. Accordingly, Count III is dismissed without prejudice as well.

### CONCLUSION

Plaintiff has failed to adequately plead her case. As it stands, her Complaint strikes the Court as an attempt to plead a material lapse in health insurance coverage and employment while simultaneously conceding that there was none. Plaintiff should clarify what she means to assert.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED**.

(2) Plaintiff's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiff may file an amended complaint on or before November 24, 2023, in default of which the Court will close this case.

**DONE AND ORDERED** at Tampa, Florida, on November 2, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record