# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NICOLE TYMMS**,

    Plaintiff,

v.                                        Case No. 8:23-cv-1982-WFJ-SPF

**THE PANTHER GROUP, INC.**,

    Defendant.
_____/

## ORDER

Before the Court is The Panther Group, Inc.'s ("Defendant") Motion for Reconsideration (Dkt. 39) as well as Nicole Tymms' ("Plaintiff") Motion to Compel (Dkt. 38). The parties have filed responses in opposition (Dkt. 41; Dkt. 40). Upon careful consideration, the Court denies Defendant's Motion and denies Plaintiff's Motion as moot.

## DISCUSSION

The instant motion practice arises from Defendant's alleged discovery of material falsehoods in Plaintiff's operative complaint. Defendant essentially claims that Plaintiff's counsel knowingly made false statements concerning Plaintiff's damages in order to survive the motion to dismiss phase of this lawsuit. *See generally* Dkt. 39. Defendant maintains that these false statements are the only reason the Court ruled in Plaintiff's favor, and that the Court should reconsider its

Order (Dkt. 32). *Id.* Defendant also explains that, "[i]n the unlikely event that the Court denies Defendant's [Motion], the Court will not need to rule on Plaintiff's [M]otion, as counsel will restart cooperation in discovery efforts." Dkt. 40 at 2 n.1.

The Court denies Defendant's Motion. "Reconsideration of a prior order is an extraordinary remedy to be used sparingly." *Drew v. Ocwen Loan Servicing, LLC*, No. 8:14-CV-369-T-26TGW, 2014 WL 10504424, at *1 (M.D. Fla. Apr. 29, 2014). "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). Here, Defendant's newly discovered evidence is disputed. *See generally* Dkt. 41. Plaintiff also raises legitimate questions surrounding its accuracy and proper interpretation. *Id.* The Court therefore finds that all the issues raised by Defendant are more appropriately addressed on summary judgment than on a motion for reconsideration. Defendant shall restart its cooperation in discovery efforts.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

(1) Defendant's Motion for Reconsideration (Dkt. 39) is **DENIED**.

(2) Plaintiff's Motion to Compel (Dkt. 38) is **DENIED** as moot.

**DONE AND ORDERED** at Tampa, Florida, on May 28, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record